AUSA:   William Orr                Telephone:  (989) 895-5712
Special Agent:   Joshua Paczok, FBI      Telephone:  (313) 550-0236

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>INFORMATION RELATED TO T-MOBILE TIMING ADVANCE LOCATION DATA WITHIN DEFINED SEARCH AREAS | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:24−mc−50350-1
Assigned To : Ludington, Thomas L.
Assign. Date : 4/11/2024
In re: SEALED MATTER (MAW)

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____Michigan_____ .
*(identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See ATTACHMENT B.

I hereby certify that the foregoing is a certified copy of the original on file in this office.

**Clerk, U.S. District Court**
**Eastern District of Michigan**

By:  *s/Marlena Williams*
        Deputy

**YOU ARE COMMANDED** to execute this warrant on or before _____April 25, 2024_____ *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the presiding United States Magistrate Judge on duty .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      April 11, 2024    4:05 pm

*Judge's signature*

City and state:    Detroit, Michigan                  Elizabeth Stafford,         U. S. Magistrate Judge
                                                                                    *Printed name and title*

**ATTACHMENT A**
**Property to Be Searched**

This warrant applies to a Timing Advance "True Call" area search for all records and unique device/user identifiers pertaining to Timing Advance location information during the following listed dates, times and geographical boundaries (*distance from the GPS points*):

1. Location #1: 190 N Powell Rd, Essexville, MI, 48732

   GPS Coordinates: 43.595275, -83.2087722   Distance from Location 0.25

   Date: April 9, 2024        Time  9:30  a.m.  –  10:30  a.m.  (Eastern  Daylight Savings Time.

2. Location #2- 3050 Center Ave, Essexville, MI, 48732

   GPS Coordinates: 43.593974, -83.842873        Distance from Location: 0.25 Miles

   Date: April 9, 2024                Time: 9:30 a.m. – 10:30 a.m. (Eastern Daylight Savings Time)

10

## ATTACHMENT B
### Items and Information to be Seized and Searched

All information that constitutes evidence of violations of 18 U.S.C. § 2113(a) – Bank Robbery, committed on April 9, 2024, involving unknown persons, including location information and identifying information as specified below.

1.     T-Mobile shall provide responsive data for each search area described in Attachment A, and are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made and all cellular device interactions with the network that have generated location information that falls within the defined search area during the corresponding timeframe(s) listed in Attachment A, including records that identify:

     a.     the unique identifiers for each wireless device that generated a Timing Advance "True Call" record within the search area for each location, including International Mobile Subscriber Identifiers ("IMSI"), International Mobile Equipment Identities ("IMEI"), and the make and model of the device;

     b.     the starting and ending date/time of the connection along with the duration;

     c.     for each communication with the network the tower and the "sector(s)" (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device for both starting and ending points of the communication;

     d.     the service type for the communication; and,

e.     the estimated latitude and longitude (along with confidence level) and the distance from the tower for both the starting and ending points of the communication contained within the Timing Advance "True Call" records.

2.     These records should include records about communications and cellular device interactions with the network that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

3.     It is anticipated that identifying information will be requested for devices whose characteristics meet any of the following criteria:

a.     Devices whose cellular network records place them in at least two of the locations; and/or,

b.     Devices whose cellular network records; including distance from the tower and/or network derived latitude and longitude; are consistent with the facts of the investigation and would not solely reflect a device passing through.

4.     However, it is noted that no subscriber information (including but not limited to name or phone number associated with the identifiers) or location information outside the initial search criteria is authorized by this warrant and additional legal process will be submitted.

5.     To the extent that any device information other than devices relevant to this investigation is collected by law enforcement, law enforcement will not make

12

13

investigative use of it absent further order of the court, other than distinguishing the

devices relevant to this investigation from all other cellular devices.

## <u>CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS</u>
## <u>PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)</u>

I, _____, attest, under penalties of perjury

by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the

information contained in this certification is true and correct.  I am employed by **T-Mobile**, and my title is _____.  I am qualified to

authenticate the records attached hereto because I am familiar with how the records

were created, managed, stored, and retrieved.  I state that the records attached

hereto are true duplicates of the original records in the custody of **T-Mobile**.  The

attached records consist of _____ **[GENERALLY DESCRIBE**

**RECORDS (pages/CDs/megabytes)]**.  I further state that:

a.　　all records attached to this certificate were made at or near the time of

the occurrence of the matter set forth by, or from information transmitted by, a

person with knowledge of those matters, they were kept in the ordinary course of

the regularly conducted business activity of **T-Mobile**, and they were made by **T-Mobile** as a regular practice; and

b.　　such records were generated by **T-Mobile's** electronic process or

system that produces an accurate result, to wit:

15

1.      the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of **T-Mobile** in a manner to ensure that they are true duplicates of the original records; and

2.      the process or system is regularly verified by **T-Mobile**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____          _____

Date                                        Signature

15

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed:<br>April, 11, 2024 | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized:<br>Data Received from T-Mobile | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:  9/3/2024

_____
*Executing officer's signature*

Special Agent Joshua Paczok
*Printed name and title*